PORT HURON TAXPAYERS LEAGUE, INC., *v.* SCHOOL DISTRICT OF THE CITY OF PORT HURON.

1. TAXATION—SCHOOLS AND SCHOOL DISTRICTS—SUBSEQUENT VOTE AS TO TAX LEVY.

The failure of voters in a school district to authorize a levy of tax of 5 additional mills for period from 1949 through 1953 in lieu of previously authorized tax levy of 4¼ additional mills for period of 1946 through 1950 not only did not revoke or nullify the earlier levy but expressly allowed it to stand (Const 1908, art 10, § 21, as added in 1932).

2. SAME—TAX LEVY—TAX LIMITATION—ABANDONMENT OF LEVY.

The failure of a board of education to levy a tax of 4½ mills as authorized by voters because of the failure to raise tax limitation above 15-mill limitation at same election for period of 3 years or the board's failure to report to city clerk such a tax increase to be levied the ensuing year did not constitute an abandonment of the right of the board to levy the tax (Const 1908, art 10, § 21, as added in 1932; CL 1948, § 360.2).

REFERENCES FOR POINTS IN HEADNOTES
[5] 14 Am Jur, Costs, §§ 23, 91.

3. SAME—TAX LEVY—INCREASE OF TAX LIMITATION—ELECTIONS.

> The authorization to a board of education to levy a tax and the increase of the tax limitation are two separate and distinct propositions which need not be submitted at the same election, it being unnecessary to state the purpose for which the tax may be, or is intended to be, used when the tax limitation is raised (Const 1908, art 10, § 21, as added in 1932; CL 1948, §§ 346.15, 388.881).

4. SCHOOLS AND SCHOOL DISTRICTS—TAX LEVY—TAX LIMITATION—ELECTIONS.

> A board of education which had been authorized by electors in 1946 to levy a 4½-mill tax from 1946 through 1950 and 15-mill tax limitation was raised by the electors 5 mills in 1949 for period from 1949 through 1953, had authority to assess 4½ mills for the years 1949 and 1950 (Const 1908, art 10, § 21, as added in 1932; CL 1948, §§ 346.15, 388.881).

5. COSTS—PUBLIC QUESTION—TAX LEVY—TAX LIMITATION—SCHOOLS AND SCHOOL DISTRICTS.

> No costs are allowed in suit to determine validity of assessment of additional taxes for school sites and buildings, where additional levy was authorized in 1946 and 15-mill tax limitation was raised in 1949, a public question being involved (Const 1908, art 10, § 21, as added in 1932 and amended in 1948; CL 1948, §§ 346.15, 388.881).

Appeal from St. Clair; DesJardins (George W.), J., presiding. Submitted June 8, 1950. (Docket No. 38, Calendar No. 44,612.) Decided September 11, 1950.

Bill by Port Huron Taxpayers League, Inc., and others against School District of the City of Port Huron and others to restrain increased tax levy and creation of sinking fund. Decree for defendants. Plaintiffs appeal. Affirmed.

*John C. La Fata,* for plaintiffs.

*Said M. Touma (Covington, Touma & Davidson,* of counsel), for defendants.

Boyles, C. J. Plaintiffs filed this bill of complaint to enjoin the defendants from assessing additional taxes for school sites and buildings, claiming that the defendants lacked authority to do so. The defendants answered that the board of education had been given such powers by the voters of the school district, in 2 special school elections, held in 1946 and 1949. The trial court, after hearing, entered a decree that the defendants had authority to levy the tax for the years 1949 and 1950, and plaintiffs appeal.

On April 30, 1946, a special school election was held in said school district, at which 2 separate ballots were submitted to the respective classes of electors qualifying to vote separately on each proposition. At that election the voters qualified to vote on the first proposition approved the levy of a $4\frac{1}{2}$ mill tax for 5 years, from 1946 to 1950, both inclusive, for a sinking fund for school sites and buildings, "in lieu of the 3-mill building and site sinking fund tax voted by the electors of said school district on May 8th, 1944." At the same election a second proposition, submitted on a separate ballot, to increase by $4\frac{1}{2}$ mills the tax limitation on the total amount of taxes which might be assessed against property in the school district, as provided in Constitution 1908, art 10, § 21, from 1946 to 1950, both inclusive, failed to carry by the then-required two-thirds majority.

The board of education made no levy of the $4\frac{1}{2}$ mills as authorized by the voters at said special election, for the years 1946, 1947 and 1948. Presumably this was because the board of education concluded that it could not make such additional assessment of taxes within the constitutional tax ceiling of 15 mills, all of such available millage being necessary for use for other school purposes. However, on March 28, 1949, a second special election was held in said district, at which 2 separate propositions were

again submitted to the qualified electors, on separate ballots. The first proposition was not approved. It was as follows:

"Shall the school district of the city of Port Huron, county of St. Clair and State of Michigan, levy 5 mills for a period of 5 years, 1949 to 1953 both inclusive, in lieu of the 4½-mill building and site sinking fund tax voted by the electors of said school district on April 30, 1946, to create a sinking fund for the purpose of purchasing real estate for school sites and construction of school buildings?"

It should be noted here, that the above proposition, voted down at the special election March 28, 1949, differed from the proposition which was adopted in 1946, which authorized the levy of an additional school tax as above stated. The 1949 ballot provided for an additional tax of 5 mills, and would extend the period to and including 1953, instead of limiting it to 1950.

At the said special election held March 28, 1949, the voters who were qualified to vote thereon also voted again on a second proposition, submitted on a separate ballot, to increase the limitation on the total amount of taxes which might be assessed against property in said school district; and approved the proposition to increase said tax ceiling by 5 mills for 5 years—1949 to 1953, inclusive. This was a reversal from the result of the action taken by the voters on April 30, 1946, on the question of raising the tax limitation from 15 to 20 mills. The reversal of that result in 1949 was due to the fact that in the interim, article 10, § 21, of the State Constitution had been amended in 1948* so as to allow such an increase to not more than a total of 5 per cent. of the assessed valuation for not more than 20 years, by a majority

---

* 4 CL 1948, p 15002, PA 1949, p 688 (1 Stat Ann 1949 Cum Supp, p 141).

vote, instead of the two-thirds vote required at the time the former special election was held April 30, 1946.

Appellants claim that the authority given the defendant board of education on April 30, 1946, to levy a tax of 4½ mills for 1946 to 1950, inclusive, for a sinking fund for school sites and buildings, was revoked or nullified by the negative vote by the electors March 28, 1949, on the proposition No 1. We do not agree. In 1949, proposition No 1 was to increase the amount of the authorized levy to 5 mills, and for authority to levy the tax to and including 1953, which was for 3 years beyond the period voted in 1946. Furthermore, in said proposition submitted to the voters March 28, 1949, it was expressly stated on the ballots that it was to be "in lieu of the 4½-mill building and site sinking fund tax voted by the electors of said school district on April 30, 1946." The voters, in 1949, declined to authorize a levy of 5 mills, instead of 4½, or to extend to 1953 time during which such additional assessment might be made, *in lieu of* (*i.e.,* superseding) the action taken in 1946. The action taken in 1946 was not revoked or nullified, but on the contrary it was expressly allowed to stand unchanged. The failure of the board of education to levy the additional tax for the years 1946, 1947 and 1948, due to the 15-mill tax limitation which the voters refused to raise in 1946, or to report to the city clerk such a tax increase to be levied the ensuing year (CL 1948, § 360.2 [Stat Ann § 15.500]), was not an abandonment of the right of the board of education to levy the tax. When the voters, on March 28, 1949, increased the tax limitation by 5 mills, the additional lesser assessment of 4½ mills which the board of education then announced it intended to levy for the 2 remaining years of 1949 and 1950, became possible and was announced by the defendant board.

Appellants claim that the 2 propositions are so interrelated and tied together that neither one can be effective unless both are submitted and approved at the same election. We are not in accord, and the reason is plain. The statute authorizes the board of education to assess taxes, for school sites and buildings which would not require an increase in the tax limitation, if it could be done within the tax limitation as allowed to the district for school purposes. CL 1948, § 346.15(a) (f) (Stat Ann 1947 Cum Supp § 15.195[a] [f]). On the other hand, the tax limitation may be increased by the electors without stating the purpose for which the tax may be or is intended to be used. *Rentschler* v. *Detroit Board of Education,* 324 Mich 603. The statute (CL 1948, § 388.881 [Stat Ann 1947 Cum Supp § 15.2061]), by virtue of which the school district held the special elections in 1946 and 1949 to authorize the levy of a tax for the purchase of sites and the erection and repair of school buildings, does not require that a proposition to increase the tax millage be submitted at the same election. On the contrary, it expressly provides that such a tax may be voted by a majority of those voting thereon, "subject to the 15-mill tax limitation provisions" of the property tax limitation act.*

The trial court decreed that the defendant board of education had authority to assess up to 5 mills in addition to the 15-mill limitation for the years 1949 to 1953, inclusive, and to assess $4\frac{1}{2}$ mills for the years 1949 and 1950 under the authority given it by the 1946 election, for school site and building purposes.

---

* PA 1933, No 62, as amended (CL 1948, § 211.201 *et seq.* [Stat Ann 1947 Cum Supp § 7.61 *et seq.*]).

Affirmed. A public question being involved, no costs awarded.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.